IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KELLEY S. RIPLEY,<br><br>    Defendant. | Case No. 3:19-CV-586-NJR-MAB |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On June 4, 2019, the Government filed a complaint to commence this foreclosure action against Kelley S. Ripley (Doc. 1). This Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1345. A waiver of service was returned executed on June 5, 2019, and Ripley's answer was due on or before August 5, 2019 (Doc. 5). Ripley failed to respond to the complaint, and a Clerk's entry of default was entered on August 7, 2019 pursuant to Federal Rule of Civil Procedure 55(a) (Doc. 7). On August 19, 2019, the Government moved for default judgment pursuant to Rule 55(b) (Doc. 8).

Default judgment pursuant to Rule 55(b)(2) must be entered by the Court, and the Court may conduct a hearing if it needs to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. P. 55(b)(2). Rule 55(b)(2) requires a plaintiff to establish the following: "(1) when and against what party the default was entered;

(2) identification of the pleading as to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services such that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2)." *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006).

All of the requirements for entry of a default judgment under Rule 55(b)(2) are satisfied here, and the Court does not find that a hearing is necessary. As discussed, default was entered against Ripley on August 6, 2019 (Doc. 7). The Government's counsel submitted an affidavit stating Ripley is not an infant, incompetent, or in the military service of the United States of America (Doc. 6, Ex. 1). Additionally, the motion for default judgment comports with Federal Rule of Civil Procedure 54(c) by requesting relief that does not differ in kind from, or exceed in amount, what was demanded in the complaints. The Government also has complied with Southern District of Illinois Local Rule 55.1(b) by mailing a copy of the motion to Ripley's last known addresses (Doc. 8, Ex. 2).

Additionally, under Illinois law, when a party does not submit a verified answer denying the facts in the complaint, then a "sworn verification of the complaint or a separate affidavit setting forth such fact is sufficient evidence thereof against such party and no further evidence of such fact shall be required." 735 ILCS 5/15-1506(a)(1). The Court may enter a judgment of foreclosure "upon motion supported by an affidavit stating the amount which is due the mortgagee . . . where all the allegations of fact in the complaint have been proven by verification of the complaint or affidavit." 735 ILCS 5/15-1506(a)(2). In this case, the Acting State Director for Rural Development attested to the

allegations of fact in the Amended Complaint and set forth the amount due (Doc. 8, Ex. 1).

Thus, the Court **GRANTS** the motion for default judgment (Doc. 8) and **FINDS**:

1. The United States of America, acting through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration), made a loan to Margaret A. Zieba, secured by a mortgage dated November 5, 1992 (Doc. 1, Ex. 1, pp. 1-4), this mortgage was assumed by Daniel G. Ripley and Kelley S. Ripley on February 7, 1995, in the total principal amount of $49,640.00 (*Id.* at pp. 5-9). The mortgages were recorded on November 5, 1992, in Mortgage Record Book 802 at Page 698 (*Id.* at pp. 1-4) and on February 7, 1995 in Mortgage Record Book 864 at Page 16 (*Id.* at pp. 5-9), in Jackson County, Illinois. These loans are evidenced by promissory notes dated November 5, 1992 (*Id.* at pp. 10-12) and February 7, 1995 (*Id.* at pp. 14-15). Defendant Kelley S. Ripley defaulted on the note. On December 22, 2014, the United States of America, acting through the United States Department of Agriculture, Rural Development, issued a notice of acceleration (*Id.* at pp. 21-16).

2. That the following is the name of a person that who may have claimed an interest in the above described property, but who is foreclosed from asserting her claim, if any, because of her default in this action: Kelley S. Ripley.

3. That by virtue of the mortgage and indebtedness thereby secured, Plaintiff United States of America has a valid and subsisting lien as follows:

Common address: 109 N. Lawrence Street, DeSoto, Illinois 62832

Lot 34 in Rolling Acres Second Plat, being a subdivision of a part of the Northwest Quarter of the Northwest Quarter and a part of the Northeast Quarter of the Northwest Quarter of Section 21, Township 8 South, Range 1 West of the 3rd P.M., in the Village of DeSoto, Jackson County, Illinois, as shown by the recorded Plat thereof in Plat Cabinet 1 on Page 91 in the Recorder's Office of Jackson County, Illinois.

Tax ID# 10-21-126-025

4. That by virtue of the mortgage and the indebtedness thereby secured, as alleged in the Complaint, there is due Plaintiff United States of America as follows:

   (a) For its own use and benefit for the costs of this suit and for:

   | | |
   |---|---|
   | U.S. Attorney's Docket and Recording Fees | $ 431.00 |
   | Escrow/Impound | $ 1,086.86 |
   | Late Charges | $ 265.22 |
   | Interest on Fees | $ 2,992.77 |
   | Title expenses | $ 575.00 |
   | Escrow Expenses | $ 16,340.86 |
   | TOTAL | $ 21,691.71 |

   (b) For the use and benefit of Plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

   | | |
   |---|---|
   | Unpaid Principal Balance | $ 55,596.46 |
   | Accrued interest at $15.8932 Per Day Due and Unpaid as of August 8, 2019 | $ 23,749.76 |
   | TOTAL | $ 79,346.22 |

|  |  |  |
|---|---|---|
| | Total Amount Due Plaintiff as of August 8, 2019, Including Costs Detailed in 5(a) ........... | $ 101,037.93 |

    (c)    In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes and a title insurance policy.

    (d)    Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate, and Plaintiff is entitled to recover all such advances, costs, expenses, and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

    (e)    In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

    (f)    In order to protect and preserve the mortgaged real estate, it may also become necessary for Plaintiff to make such repairs to the real estate as may reasonably be deemed for the proper preservation thereof.

    (g)    Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

5. That Jackson County, Illinois, has a valid lien on the above-described property for tax for the year 2018, and the property will be sold subject to the interest of Jackson County, resulting from taxes, general or special, which are a valid lien against the above-described property.

**WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** by this Court that judgment is entered against Kelley S. Ripley for **$101,037.93**, and unless the Defendant and/or her assigns and successors in interest to the above-described property pay to Plaintiff United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, within **three days** from the date of this decree the sum of $101,037.93 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in paragraph 3 of this decree shall be sold at public sale to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Jackson County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Jackson County Courthouse in the City of Murphysboro, Illinois.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of the United States and against Kelley S. Ripley. The real estate shall be sold free and clear of any claimed lien of Kelley S. Ripley.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal for the Southern District of Illinois give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 3 of this decree to be sold, by previously publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale; that said United States Marshal may adjourn the sale so advertised by giving public notice by proclamation; that Plaintiff or any of the parties to

this action may become the purchaser or purchasers at such sale; that upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale and that the certificate of purchase shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential real estate.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The above-described mortgaged real estate has been abandoned. Consequently, the redemption period pursuant to 735 ILCS § 5/15-1603 shall end at the later of the expiration of the period of reinstatement as provided in 735 ILCS § 5/15-1602, or 30 days after entry of this judgment of foreclosure pursuant to 735 ILCS § 5/15-1603(b)(4).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that out of the proceeds of such sale the United States Marshal shall retain his disbursements and fees, and out of the remainder of the proceeds he shall pay to Plaintiff $101,037.93, together with lawful interest to be computed thereon to the date of this decree and any court costs

of this action in its behalf. The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file them together with his report of sale to this Court, and in case the property shall sell for a sum more than sufficient to make the payments mentioned above, then after making said payments, he shall bring such surplus monies into Court without delay for further distribution by order of this Court.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** from the date of entry of this judgment of foreclosure through the 30th day after a foreclosure sale conducted pursuant to this judgment is confirmed by this Court, the mortgagor shall be entitled to retain possession of the above-described real estate. After the 30th day said foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peaceably surrender possession of said property to said certificate holder immediately upon expiration of the said 30-day time period. In default of mortgagor so doing, an order of ejectment shall issue.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment, and of the giving of

the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto.

Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that if the monies arising from said sale shall be insufficient to pay sums due to Plaintiff with interest as aforesaid after deducting the costs as aforesaid, the United States Marshal shall specify the amount of said deficiency in his report.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court retains jurisdiction of the subject matter of and the parties to this action for the purpose of enforcing this decree. The United States Marshal shall report his actions at the earliest possible time to which time.

**IT IS SO ORDERED.**

DATED: August 29, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**